MARY ANN ODOM v. DONALD R. ODOM

No. 808DC36

(Filed 1 July 1980)

**Divorce and Alimony § 16.6– alimony action – defendant as spendthrift – insufficient evidence**

The evidence in an action for divorce from bed and board and alimony did not require the court to submit to the jury the issue of whether defendant was a spendthrift within the meaning of G.S. 50-16.2(8) or to instruct the jury that defendant's being a spendthrift could be an indignity to plaintiff where plaintiff testified that defendant gave her $500-$1000 per month for her personal use, defendant owned a number of automobiles for the family's use, and on their many vacation trips together defendant took large sums of cash which he spent on whatever they saw that they wanted; no evidence was presented that defendant spent more than he could afford to spend or that he ever exposed his family to want; the evidence showed that defendant paid all the household expenses and gave plaintiff a free hand in spending for herself, the children and items such as household accessories and landscaping; and defendant testified that prior to 1977, when he incurred large medical bills, there was never a year when he spent more money than he made.

APPEAL by plaintiff from *Ellis (Kenneth R.), Judge.* Judgment entered 13 June 1979 in District Court, WAYNE County. Heard in the Court of Appeals 15 May 1980.

Plaintiff seeks a divorce from bed and board, and temporary and permanent alimony. She alleges that defendant committed indignities which made her condition intolerable and life burdensome. Defendant counterclaimed for divorce from bed and board. At trial the jury found that defendant did not constructively abandon plaintiff or commit indignities to her, and that plaintiff abandoned defendant without just cause and committed indignities to him. Accordingly, plaintiff's claims were denied and defendant's counterclaim for divorce from bed and board was granted. Plaintiff appeals.

*Kornegay & Rice, by John P. Edwards, Jr., for plaintiff appellant.*

*Braswell & Taylor, by Roland C. Braswell, for defendant appellee.*

ARNOLD, Judge.

G.S. 50-16.2(8) provides that "A dependent spouse is entitled to an order for alimony when . . . [t]he supporting spouse is a spendthrift." Plaintiff argues on appeal that the court erred in failing to submit to the jury the issue of whether defendant was a spendthrift, and in failing to instruct the jury that defendant's being a spendthrift could have been an indignity to the plaintiff. We find, however, that the evidence would not support such an issue or instruction.

Black's Law Dictionary 1572 (Rev. 4th ed. 1968) defines "spendthrift" as "[o]ne who spends money profusely and *improvidently;* . . . one who lavishes or *wastes* his estate." (Emphasis added.) Webster's Third New International Dictionary 2190 (1968) adds the definition "one who spends his estate . . . so as to expose himself or his family to want or suffering or to become a charge upon the public." As evidence that defendant here was a spendthrift, plaintiff points to testimony that he gave her $500-1000 per month for her personal use, that he owned a number of automobiles for the family's use, and that on their many vacation trips together defendant took large sums of cash which he spent on whatever they saw that they wanted. This evidence does not show that defendant spent wastefully or improvidently, however, and the evidence at trial taken as a whole gives no indication that defendant met the definition of a spendthrift. No evidence was presented that defendant spent more than he could afford to spend, or that he ever approached exposing his family to want. To the contrary, the evidence showed that defendant paid all the household expenses and in addition gave plaintiff a free hand in spending for herself, the children, and items such as household accessories, landscaping, and Christmas decorations. Furthermore, defendant testified that prior to 1977, when he incurred large medical bills, there was never a year when he spent more money than he made. In the absence of evidence that defendant was in fact a spendthrift, no issue or instruction on that topic would have been proper.

Plaintiff's additional assignments of error, going to the admission of certain evidence, are without merit. Even if the

evidence was irrelevant and so improperly admitted, we do not find the errors to be prejudicial. Lengthy and detailed testimony was before the jury, and these small portions of the evidence are extremely unlikely to have influenced their decision.

The judgment of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and HILL concur.